UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| HENRY JOHNSON, | Case No. 3:18-cv-00521-MMD-WGC |
|---|---|
| Petitioner, | |
| v. | ORDER |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

This *pro se* habeas petition comes before the Court on Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF Nos. 1-2, 3), and for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Addressing first the *in forma pauperis* application, the Court finds that Petitioner is able to pay the filing fee. Accordingly, Petitioner's application for leave to proceed *in forma pauperis* will be denied. Petitioner will be required to pay the $5.00 filing fee.

Following preliminary review, the Court finds that Petitioner must show cause why this action should not be dismissed as untimely because, as Petitioner recognizes, it was filed after the expiration of the one-year statute of limitations.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

Petitioner challenges his state court judgment of conviction entered in Eighth Judicial District Court Case Number C13287509-1. (ECF No. 1-1 at 2.) The original judgment of conviction was entered on August 30, 2013, and an amended judgment of conviction was entered on October 21, 2013.[1] Petitioner did not file a direct appeal, and petitioner's state post-conviction petition for collateral relief was filed after the expiration of both the state and federal limitations periods. (ECF No. 1-1 at 115-16.) The federal limitations period thus expired nearly four years ago, and the instant petition filed on or about October 24, 2018, is untimely on its face.

Petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See, e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *see also Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

///

///

---

[1] *See State of Nevada v. Henry Lee Johnson*, Case No. C13287509-1 (Nev. Eighth Jud. Dist. Ct. Filed Feb. 15, 2013), *available at* https://www.clarkcountycourts.us/portal (last accessed Oct. 30, 2018) (first search "C13287509-1," then select "Disposition Events").

Petitioner is further informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D), (d)(2).

Petitioner is further informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

Regarding Petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the Petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Because there is a threshold issue of timeliness in this case and the arguments and facts involved do not appear to be especially complicated, the Court declines to appoint petitioner counsel at this time. Petitioner will be required to respond to the show-cause inquiry on his own. Petitioner's motion for appointment for appointment of counsel will therefore be denied without prejudice.

3

It is therefore ordered that Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) is denied. Petitioner will pay the $5.00 filing fee within thirty days of the date of entry of this order.

It is further ordered that the Clerk of the Court will file the petition (ECF No. 1-1).

It is further ordered that the Court defers consideration of any and all remaining deficiencies in the papers presented until after it has determined whether the action is timely in the first instance.

It is further ordered that, within thirty days of entry of this order, Petitioner will show cause in writing why the petition should not be dismissed with prejudice as time barred.

It is further ordered that all assertions of fact made by Petitioner in response to this show cause order must be detailed, specific as to time and place, and supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by Petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

It is further ordered that if Petitioner does not timely respond to this order and pay the filing fee, the petition will be dismissed, with prejudice, without further advance notice. If Petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will also be dismissed with prejudice.

DATED THIS 31st day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE