# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HENRY JOHNSON,<br><br>    Petitioner,<br>v.<br>STATE OF NEVADA, *et al.*,<br><br>    Respondents. | Case No. 3:18-cv-00521-MMD-WGC<br><br>ORDER |

On October 31, 2018, the Court ordered Petitioner to show cause why his petition in this action should not be dismissed as untimely. Petitioner has failed to respond to the Court's order. However, upon further consideration of the petition, which reflects facts that may support equitable tolling, and taking judicial notice of Petitioner's underlying state criminal proceedings, which appear to be active with respect to his state court habeas petition, the Court *sua sponte* reconsiders its decision to deny petitioner counsel in this matter. As the arguments supporting a claim of equitable tolling might require an evidentiary hearing to resolve and at a minimum require further review of the state court record, appointment of counsel is in the interest of justice. Counsel will therefore be appointed to represent Petitioner, including filing a response to respond to the order to show cause.

It is therefore ordered that Petitioner's motion for appointment of counsel (ECF No. 3) is granted.

It is further ordered that the Federal Public Defender will be provisionally appointed as Petitioner's counsel and will have thirty days to undertake direct representation of Petitioner, or to indicate to the Court the office's inability to represent Petitioner in these

proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for responding to the order to show cause and/or to seek other appropriate relief will be set after counsel has entered an appearance. If the Court does not dismiss this action following review of Petitioner's counselled response to the order to show cause, it will then set a deadline for counsel to file an amended petition on Petitioner's behalf.[1]

It is further ordered, so that Respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel for Respondents and shall make informal electronic service of this order upon Respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within twenty-one days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is therefore directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 27th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times will remain responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).